```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND


_____
                                   )
JONATHAN J. RODRIGUEZ ARAGONES     )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 19-055 WES
                                   )
MICHAEL R. POMPEO, Secretary,      )
Department of State                )
                                   )
          Defendant.               )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant's Motion to Dismiss This Action as Improperly Venued, or, in the Alternative, to Transfer to the United States District Court for the District of Columbia or the District of Massachusetts ("Def. Mot."), ECF No. 13. The Plaintiff filed an Objection and Response to Defendant's Motion, ECF No. 14, and Defendant filed a Reply, ECF No. 15. For the reasons stated below, the Court GRANTS Defendant's Motion and the case is hereby TRANSFERRED to the United States District Court for the District of Columbia.

I.   Standard of Review

Federal Rule of Civil Procedure Rule 12(b)(3) allows a defendant to move to dismiss for improper venue. When ruling on

such a motion, the Court must treat all facts pled in the Complaint as true and draw all reasonable inferences in the plaintiff's favor, unless contradicted by the defendant's affidavits. Stars for Art Prod. FZ, LLC v. Dandana, LLC, 806 F. Supp. 2d 437, 447 (D. Mass. 2011) ("A district court may examine facts outside the complaint to determine whether venue is proper.") "[T]he plaintiff has the burden of proving that its chosen venue is proper." Johnson v. Gen. Dynamics Info. Tech., Inc., 675 F. Supp. 2d 236, 239 (D.N.H. 2009).

II. Discussion

In his Complaint, Plaintiff sues Michael R. Pompeo, the Secretary of State, "in his official capacity," alleging violations of Title VII and the Americans with Disabilities Act. Pl. Compl. 1-3 ("Compl."), ECF No. 1. He states that "the claims arise from events which occurred while the Plaintiff lived in Providence, Rhode Island. Accordingly, venue lies in the ... [District of] Rhode Island under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3)." Compl. 3. Defendant argues that Plaintiff's suit does not meet the criteria for venue in Rhode Island under either of those statutes.[1]

---

[1]   Plaintiff does not mention 28 U.S.C. § 1391(e), but that is the general venue statute for suits against federal officers in their official capacity, while § 1391(b) applies to suits against federal officers in their individual capacity.

2

42 U.S.C. § 2000e-5(f)(3) is the venue provision for Title VII employment discrimination actions, and courts both within this Circuit and other Circuits have held that it is exclusive in nature.[2] "Almost uniformly, courts considering this question have applied section 2000e-5(f)(3) to determine venue in employment discrimination actions premised on Title VII." Bolar v. Frank, 938 F.2d 377, 3789 (2d Cir. 1991) (listing cases). In this Circuit, the District Court of Massachusetts likewise held that "[i]n a Title VII action, venue is governed by 42 U.S.C. § 2000e-5(f)(3) rather than the general venue statute, 28 U.S.C. § 1391." Foley v. Holder, No. 09-11157-JGD, 2010 WL 3938345, at *2 (D. Mass. Oct. 5, 2010); see also Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (holding that 42 U.S.C. § 2000e-5(f)(3) is the exclusive venue provision for Title VII employment discrimination actions, rather than § 1391); Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F. 2d 1100, 1102-03 (D.C. Cir. 1969) (Same).[3]

42 U.S.C. § 2000e-5(f)(3) provides four different options for venue in a Title VII employment discrimination case: (1) The State in which the unlawful employment practice was allegedly committed;

---

[2]   However, this issue does not appear to have been addressed yet by the First Circuit Court itself or the District of Rhode Island.

[3]   Given that the Title VII venue provision is exclusive, the Court need not analyze venue under 28 U.S.C. § 1391, and also need not address the issue of whether Plaintiff actually lived in Rhode Island or Massachusetts.

(2) the judicial district in which the relevant employment records are maintained and administered; (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) if none of those apply, and respondent is not found within any such district, an action may be brought in the district where respondent has its principal office. 42 U.S.C. § 2000e-5(f)(3).

   Therefore, Plaintiff's contention that the "claims [in his Complaint] arise from events which occurred while the Plaintiff lived in Providence, Rhode Island," even if it were true, would not satisfy any of the provisions for venue in § 2000e-5(f)(3). As to the first and second venue criteria in the statute, Plaintiff's complaint does not contain any allegations that the alleged unlawful employment practices took place in Rhode Island, and Defendant's declaration stated that none of the offices identified in the complaint are located in Rhode Island, nor are the Department of State's employment records. See Generally Compl.; Decl. of Amy H. Granger ("Granger Decl.") ¶ 8-15, ECF No. 13-1. Plaintiff also never argues that the position he would have had but for the discrimination was located in Rhode Island. Compl. ¶ 6, 11, 17. Lastly, the State Department has its headquarters and principal office in Washington, D.C., and not anywhere in Rhode Island. Granger Decl. at 1. Therefore, Plaintiff has not met his

burden to prove that Rhode Island is a proper venue for this action.[4]

Defendants request that this Court either dismiss the action or transfer it to a proper venue in Washington, D.C. or in Massachusetts. Def. Mot. 1.  Courts generally favor transfer over dismissal.  Stars for Art Prod., 806 F. Supp. 2d at 449 (quoting Cormier v. Fisher, 409 F. Supp. 2d 357, 363 (D. Me. 2005). Additionally, venue may be proper in more than one district, and the Court is not "required to determine the best venue, merely a proper venue." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009). In a footnote, Defendant suggests that "the District of Columbia has the greater nexus with the case under the relevant statute," and the Court agrees. Def Mot. 1, n.1.  Given that the State Department is headquartered in Washington, D.C. and many of the factual allegations Plaintiff makes concern Offices of the State Department that are located in D.C., the Court finds that the United States District Court for the District of Columbia is the appropriate venue for this action.

---

[4]   Plaintiff's arguments regarding the convenience of litigating in Rhode Island are irrelevant in this context, where defendants are moving to dismiss or transfer under Rule 12(b)(3), not requesting to transfer on grounds of forum non conveniens under 28 U.S.C. § 1404.

III. Conclusion

For the reasons outlined above, the Court GRANTS Defendant's Motion and TRANSFERS the case to the United States District Court for the District of Columbia.

IT IS SO ORDERED.

*/s/ W. Smith*
_____
William E. Smith
Chief Judge
Date: November 19, 2019